FRED W. SPENCER, In Equity,

*vs.*

ISADORE G. KIMBALL, and others.

Kennebec.    Opinion March 18, 1904.

*Will.*    Devise of Life Estate and Remainder.    Merger.    Power of Sale by Life
Tenant inoperative.    *Mortgage.*

The devise of a life estate coupled with a devise of the residue and remainder to the same beneficiary, there being no intervening estate, merges the two estates and vests an absolute fee in the devisee.

A power of sale given to the devisee of the life estate becomes inoperative as a power from the testatrix by such merger, and a mortgage given by the devisee in his individual right will be upheld.

The will further provided that in case of a sale, one-third of the proceeds of such sale should be added to a trust fund created for another beneficiary. *Held;* that such beneficiary's interest is contingent upon a sale, and that the mortgage before foreclosure cannot be regarded as a sale under the power.

The money loaned upon the mortgage is not the proceeds of a sale to which the terms of the will apply.

*Held;* that the trust, if any, attached only to the proceeds of the sale, and not to the real estate.

On report.    Bill for construction of will and foreclosure of mortgage.    Bill sustained.

Bill in equity against Isadore G. Kimball, individually and as executrix and trustee of the will of Harriet H. Greenlief, late of Augusta; Harry W. Kimball and M. Kimball, minors, Charles H. Greenlief, Minnie M. Greenlief and Lendall Titcomb, trustee of said Charles, praying for a construction of the will of said Harriet H. Greenlief and also a decree of foreclosure of a mortgage given by Isadore G. Kimball to the plaintiff.

The principal provisions of the will, omitting certain specific legacies, are as follows:—

"Be it remembered, that I, Harriet H. Greenlief of Augusta in the County of Kennebec in the State of Maine, being of sound and disposing mind and memory, but mindful of the uncertainty of this life, do make, publish and declare this my last will and testament, hereby revoking all former wills by me made. After the payment of my just debts, funeral charges and expenses of administration, I dispose of my estate as follows: . . . I direct that all my debts, funeral expenses and charges of administration be paid out of my funds now deposited in the savings bank. I give and bequeath to my daughter Isadore G. Kimball one-half of all money I have in the savings bank remaining after payment of my debts, funeral charges and expenses of administration in trust during the life of my son Charles H. Greenlief to keep the same in the savings bank and to pay therefrom as occasion may require not exceeding two dollars a week toward the board or other necessary living expenses of my said son Charles H. Greenlief.

"I give to my said daughter Isadore G. Kimball the use of my house and lot of land on which it stands in said Augusta where I live during her life or until such time as she shall deem it best to sell the same, and I authorize her to sell and convey said real estate at any time at her discretion.

"In case she shall sell said real estate one-third of the proceeds of such sale is to be added to the trust fund aforesaid to be deposited in the savings bank as required of said trust fund, to become a part of said trust fund as above provided in favor of my said son Charles H. Greenlief.

"All the rest, residue and remainder of all my property and estate

both real and personal, I give, bequeath and devise unto my said daughter Isadore G. Kimball if she shall survive me, otherwise unto the said Carrie M. Kimball and Henry W. Kimball if both living in equal shares, if not both living at my decease, then all to the survivor of them. . . ." Dated Feby. 26, 1900.

The bill alleges that said Harriet H. Greenlief died on the first day of March, 1900, leaving a will which was duly proved and allowed by the Probate Court for Kennebec County; that on the 26th day of March, 1900, said Isadore G. Kimball was duly appointed and qualified as executrix of said will; that on the 23d day of December, 1901, said Lendall Titcomb was duly appointed trustee of Charles H. Greenlief under said will; that on the 25th day of May, 1901, said Isadore G. Kimball conveyed the house and lot described in the will to said Fred W. Spencer in mortgage to secure the loan of $700, payable in one year from that date with interest at the rate of twelve per cent per annum, payable annually until paid; that nothing has been paid upon the debt secured by mortgage, and that the same is long over due.

The prayer of the bill is as follows:

First. That it may be ordered and decreed unless the amount now due upon the note and debt secured by said mortgage shall be paid to the plaintiff by said Isadore G. Kimball within such reasonable time as the court may appoint, the defendants shall be forever foreclosed from all right of redeeming said premises.

Second. That the court will construe and interpret the provisions of said will and particularly determine what interest in said real estate said Isadore G. Kimball received thereby.

Third. That unless the amount now due on said note and debt shall be paid by the defendants to the plaintiff within such reasonable time as the court may appoint, that such premises may be ordered sold at public auction and the proceeds thereof applied as the court may determine.

The defense to the bill as set up by the answers is:—

"Whatever obligations were created or assumed by the mortgage set forth in complainant's bill, if true as alleged, are binding against Isadore G. Kimball alone, and the complainant has his plain and

adequate remedy at law, either by suit and attachment, or by foreclosure, and to such suit or foreclosure this respondent would not be a proper party. That such alleged mortgage was not a sale in contemplation of the authority given in said will, but a security given by the Isadore G. Kimball for the payment of her personal debt not contemplated by the will. But if the court is of the opinion that the alleged mortgage is a species of sale, inchoate or contingent, authorized by the will, and endangering the whole property, then this respondent asks that the court order a sale of said property and that one-third of the proceeds including the said sum of seven hundred dollars be given to Charles H. Greenlief."

The cause came on to be heard on bill, answer and replication, and it appearing to the justice presiding that questions of law were involved of sufficient importance and doubt to justify the same, by consent of the parties, the cause was reported to the law court for hearing and decision at the December term, 1903.

*Jos. Williamson and L. A. Burleigh,* for plaintiff.

*S. and L. Titcomb,* for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

STROUT, J. This bill asks a construction of the will of Harriet H. Greenlief, so far as to determine what interest in real estate was thereby given to Isadore G. Kimball, and also a decree of foreclosure of a mortgage given by Mrs. Kimball to the complainant.

By one clause in the will the testatrix gave to her daughter, Isadore G. Kimball, "the use of my house and lot of land on which it stands in said Augusta where I live, during her life, or until such time as she shall deem it best to sell the same, and I authorize her to sell and convey said real estate at any time at her discretion." The next clause is, "in case she shall sell said real estate, one-third of the proceeds of such sale is to be added to the trust fund," before provided for her son, Charles H. Greenlief.

The succeeding clause is, "all the rest, residue and remainder of all my property and estate, both real and personal, I give, bequeath

and devise unto my said daughter Isadore G. Kimball, if she shall survive me," otherwise to her grandchildren.

The daughter Isadore did survive her mother.    There being no intervening estate, the devise to her of a life estate, coupled with a devise of the reversion, merged the two estates and vested in her an absolute fee, and rendered the authority to sell given in the devise of the life estate inoperative as a power from the testatrix.    *Davis* v. *Callahan*, 78 Maine, 313.

The provision for the son, in case of sale of the real estate, was contingent upon a sale.    The daughter was not directed to sell.    It was optional with her.    If she did sell, one-third of the proceeds was to go to the trust fund for the son, but if she did not sell, nothing went to him.    Her mortgage before foreclosure cannot be regarded as a sale under the power.    It was but a security for her debt, and upon payment of the debt, voluntarily or upon compulsion, the mortgage would be functus.    The mortgagee was not obliged to rely upon the land, but might collect his note by ordinary suit. The money loaned upon the mortgage security was not proceeds of a sale to which the terms of the will applied.

The union of the life estate with the reversion in Isadore would not operate as a merger, if there was any intermediate estate.    In this case the provision for the son, in the event of sale, created no charge upon the land, nor interest in it, hence no intervening estate.

Whether in the event that the mortgage debt shall be paid and the mortgage discharged, and the real estate subsequently sold by Mrs. Kimball, or whether if the mortgage is foreclosed and thereby the title passes to the mortgagee, it will be regarded as a sale, and one-third of the amount received in either event be charged with a trust for the son, it is not necessary now to decide, as in either case the title to the real estate is not affected.    The trust, if any, attaches only to the proceeds of a sale, and not to the real estate.

In her personal capacity Isadore mortgaged the real estate to the complainant, to secure a loan to her.    It is now outstanding and wholly unpaid.    The complainant is entitled to a decree that if Isadore G. Kimball, or anyone claiming under her, shall pay to the plaintiff the amount due upon the mortgage within one year from

the entry of the decree in this case, the mortgage to be discharged, otherwise the equity of redemption to be forever foreclosed.

> *Bill sustained against Isadore G. Kimball, in her individual capacity, and dismissed as to all other defendants.* ·
>
> *Decree in accordance with this opinion.*